# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                      No. CR 09-2308 JB

JUAN MANUEL ALDERETE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed November 13, 2009 (Doc. 21). The Court held a sentencing hearing on December 18, 2009. The primary issue is whether a variance from the advisory guideline sentencing range as calculated in the Presentence Investigation Report ("PSR") is warranted. The PSR calculated Defendant Juan Manuel Alderete's offense level at 21 and a criminal history category of III, establishing a guideline imprisonment range of 46 to 57 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the fast-track plea agreement, which includes a 1-level downward departure. Alderete's offense level after the downward departure is 20 and his criminal history category is III, establishing a guideline imprisonment range of 41 to 51 months.

Alderete moves for a variance from the advisory guideline sentencing range based on his cultural assimilation, and because his re-entry was to look for work to support his wife and five children. At the hearing, James Loonam, Alderete's counsel, asked the Court for a sentence of 24 months. See Transcript of Hearing at 15:16-18 (taken December 18, 2009)(Loonam)("Tr.").[1] For

---

[1]The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant Alderete's request for a variance, but not to the extent that he is requesting, and will vary downward from the guidelines by 4-levels to a sentencing range of 27 to 33 months, and sentence Alderete to 27-months incarceration.

The Court has reviewed the PSR's factual findings and adopts those as its own. The Court has also considered the sentencing guideline application in the PSR. The Court has considered the guidelines, but in arriving at its sentence, the Court has also taken account of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that, even with the downward departure that it has granted the defendant, that the punishment that is set forth in the advisory guideline range is not appropriate for this offense. The Court concludes that a variance is appropriate and warranted under the circumstances in this case, but not to the extent that Alderete has requested. The Court believes 24 months is too low of a sentence under the circumstances here.

The Court recognizes that Alderete has been in the United States for most of his life and almost all of his adult life. He seems to have been a hard-working person in the United States, and he has a lot of family here. The Court notes that Alderete's illegal reentry suggests that perhaps Alderete did not appreciate as well as he should have how serious the United States takes coming back into the country illegally, particularly with a criminal history containing the convictions he has.

The Court believes a sentence of 27 months provides adequate deterrence and will demonstrate to Alderete that he cannot return to the United States. The Court is concerned about Alderete's three convictions for driving while intoxicated. The Court is also troubled by Alderete's conviction for criminal sexual conduct with a minor. See PSR ¶ 5. At the hearing, Mr. Loonam

described the sexual encounter between Alderete and his daughter's fifteen-year-old friend as an occurrence which took place when Alderete was extremely intoxicated and Alderete confirmed for the Court that he has no memory of the encounter. See Tr. at 21:8-16 (Court, Loonam, Alderete). Although there was some touching of the victim over her clothing, there was no sexual penetration. See PSR ¶ 24. The Court notes that the State of Michigan, where the offense occurred, treated the crime as a misdemeanor and sentenced Alderete to a little more than two-months imprisonment. The Court takes such a criminal charge seriously; however, the Court does not believe that this offense is quite in line with the crimes of violence that the Court routinely sees triggering a 16-level enhancement, and the Court finds it is more appropriate to treat it like the felonies typically seen at a lower-level, and thus the Court will vary four-levels downward, which establishes a sentencing range of 27 to 33 months. The Court believes a sentence of 27 months reflects the seriousness of illegal reentry and also reflects the seriousness of Alderete's misdemeanor in Michigan, as it is much longer than the sentence he received for the criminal sexual conduct in Michigan. The Court also believes a 27-month sentence promotes respect for the law, and provides a more just punishment than a sentence in the 41 to 51 month range. The Court also believes the sentence adequately protects the public and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3552 (a). The Court's task is not to come up with a reasonable sentence, but rather to balance appropriately these factors, and the Court believes that a 27-month sentence better balances these factors than does a 41-month sentence. The Court also believes that a sentence of 27 months is sufficient without being greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the request for a variance in the Defendant's Sentencing Memorandum is granted, although not to the extent that the Defendant requested. The Court sentences Defendant Juan Manuel Alderete to 27 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Holland S. Kastrin
Paige Messec
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

James C. Loonam
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*